UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

IN RE:
    John J. Magre                BANKRUPTCY NO. 11-30223-JMS
    Debtor                    CHAPTER 7
                            Judge

**REAFFIRMATION AGREEMENT COVER SHEET**

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1.   Creditor's Name: _Ford Motor Credit Company LLC_

2.   Amount of the debt subject to this reaffirmation agreement: $19,097.98 on the date of bankruptcy $~~19,097.98~~ to be paid under reaffirmation agreement    *(PFE)* 18,479.55

3.   Annual percentage rate of interest: **2.900%** prior to bankruptcy **2.900%** under reaffirmation agreement (_X_ Fixed Rate _____ Adjustable Rate)

4.   Repayment terms if (fixed rate): $_673.92_ per month for ~~29~~ 28 *(PFE)* months

5.   Collateral, if any securing the debt: Current market value: $_25,050.00_ Description: _2008 Ford Explorer VIN:1FMEU74E78UB13937_.

6.   Does the creditor assert that the debt is nondischargeable? ___ Yes _X_ No (If yes, attach a declaration setting for the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from $ _6,560.38_ Schedule I, line 16 | 7B. Monthly income from all sources after payroll deductions $ 6,560.38 |
| 8A. Total monthly expenses $ _6,461.00_ from Schedule J, line 18 | 8B. Monthly expenses $ 6,461.00 |
| 9A. Total monthly payments on $ _0.00_ reaffirmed debts not listed on Schedule J | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses $ 0.00 |
| | 10B. Net monthly income $ 99.38 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

11.   Explain with specificity any difference between the income amounts (7A and 7B):
_____
_____

12.   Explain with specificity any difference between the expense amounts (8A and 8B):
_____

Account No.   3853                          YRF-Y7C-Ford ()/11-01238-0

If line 11 or 12 is completed, the undersigned debtor, and joint debtor, if applicable, certifies that any explanation contained on those lines is true and correct.

| | |
|---|---|
| Signature of Debtor (only required if line 11 or 12 is completed) | Signature of Joint Debtor (if applicable, and only required if line 11 or 12 is completed) |
| John J. Magre, Debtor | |

Other Information

☐    Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless creditor is a credit union) and you msut explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
___x___ Yes    _____ No

Account No.    3853                                        YRF-Y7C-Ford ()/11-01238-0

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?

     x      Yes                  No

## FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

/s/ Justin L. Handshoe
Justin L. Handshoe
Counsel for Movant
Mapother & Mapother, P.S.C.
815 West Market Street
Suite 500
Louisville, KY 40202
(502)638-4961

loubknotices@mapother-atty.com

Account No. 3853

YRF-Y7C-Ford ()/11-01238-0

UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

IN RE:                                              CHAPTER 7
    John J. Magre                          BANKRUPTCY NO. 11-30223-JMS
    Debtor

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box]*

| [X] Part A: Disclosure Statement | [X] Part D: Debtor's Statement in Support of Reaffirmation Agreement |
|---|---|
| [X] Part B: Reaffirmation Agreement | [ ] Part E: Motion for Court Approval |
| [X] Part C: Certification by Debtor's Attorney | [ ] Proposed Order Approving Reaffirmation Agreement |

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR(S)**

**1.     DISCLOSURE STATEMENT**

DATE OF DISCLOSURE STATEMENT:  April 21, 2011

**BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**

**SUMMARY OF REAFFIRMATION AGREEMENT. This Summary is made pursuant to the requirements of the Bankruptcy Code.**

| AMOUNT REAFFIRMED: | ANNUAL PERCENTAGE RATE: |
|---|---|
| $~~19,097.98~~  (H+E)  18,411.55<br><br>This is the total amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure statement. Consult your credit agreement.<br><br>The "AMOUNT REAFFIRMED" disclosed above includes the following fees and costs:<br><br>Attorney Fees:  $ -0-<br>Costs:            $ -0- | 2.900% |

**Notice of Security Interest:**   A security interest or lien in goods or property is asserted over the debt you are reaffirming. Ford Motor Credit Company LLC ("Creditor") has a security interest in the motor vehicle described below:

Motor Vehicle (Make/Model/Year) 2008 Ford Explorer VIN:1FMEU74E78UB13937.  Original Purchase Price: $37,556.61

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| ~~29~~ 28 | $673.92 | March 24, 2011 |
| | | |
| | | |

**Simple Interest Contract Disclosure:**  Your credit agreement is a simple interest contract.  Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

**2. INSTRUCTIONS AND NOTICE TO DEBTOR(S)**

**NOTE:**  When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission.  The word 'may' is used to tell you what might occur if the law permits the creditor to take the action.  If you have questions about reaffirming this debt or what the law requires, consult with the attorney who helped you negotiate this reaffirmation agreement.  If you don't have an attorney, the judge will explain the effect of your reaffirming this debt when the hearing on this reaffirmation agreement is held.

Reaffirming this debt is a serious financial decision.  The law requires you to take certain steps to make sure that the decision to reaffirm is in your best interest.  If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully.  Consider the decision to reaffirm carefully.  Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your attorney must sign this certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure statement must be filed with the Court by you or the creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court *unless the reaffirmation is presumed to be an undue hardship as explained in Part D.*

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective until the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THE DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the Trustee has abandoned, you may be able to redeem the lien rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

## PART B: REAFFIRMATION AGREEMENT

I/We (hereinafter "I" shall refer to debtor and co-debtor) agree to reaffirm the debts arising under the credit agreement described below.

| DESCRIPTION OF CREDIT AGREEMENT: |
| --- |
| Retail Installment Contract        Account No.:  3853<br>Date: 5/10/08 |
| Motor Vehicle Make/Model/Year:    2008 Ford Explorer VIN:1FMEU74E78UB13937 |

I agree to be bound by all the terms and conditions of the credit agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" disclosed in PART A: DISCLOSURE STATEMENT. I agree to pay the "AMOUNT REAFFIRMED" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to make monthly payments described in the REPAYMENT SCHEDULE disclosed in the PART A: DISCLOSURE STATEMENT each month until the debt has been satisfied. If the Creditor has agreed to any changes tot he credit agreement as part of this Reaffirmation Agreement, such changes are listed below:

DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RESCISSION TO THE CREDITOR
AT THE FOLLOWING ADDRESS:

Mapother & Mapother, P.S.C.
**ATTENTION:  BANKRUPTCY DEPARTMENT**
815 West Market Street
Louisville, KY 40202

Borrower (Debtor):

DATE: 4-26-2011

John J. Magre

Accepted by Creditor: <u>Ford Motor Credit Company
LLC</u>

Date of Creditor
Acceptance:

0/19/11

*for* Justin L. Handshoe   *Elizabeth McHargue*
Counsel for Creditor
Mapother & Mapother, P.S.C.
815 West Market Street
Suite 500
Louisville, KY   40202
(502)638-4961

**PART C: CERTIFICATION OF DEBTOR'S ATTORNEY**

I hereby certify that:

   1) this agreement represents a fully informed and voluntary agreement by
the debtor

   2) this agreement does not impose an undue hardship on the debtor or any
dependent of the debtor; and

   3) I have fully advised the debtor of the legal effect and consequences
of this agreement and any default under this agreement.

   *[Check the following box if the presumption of undue hardship exists for
this agreement]*

   [  ] A presumption of undue hardship has been established with respect
to this agreement, In my opinion, however, the debtor is able to make the
payments under the Reaffirmation Agreement.

Signature of Debtor's Attorney:

5/9/2011
DATE

Counsel for Debtor
Howard Kevin Eddins
Attorney At Law
3950 Westport Road
Louisville, KY   40207
502.893.2350

Account No.   3853                                    YRF-Y7C-Ford ()/11-01238-0

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT.**

1.   I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me.   I can afford to make the payments on the reaffirmed debt  because my monthly income (take home pay plus any other income received) is $ 6,560.38    , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 5,796.29    , leaving $ 99.38      to make the required payments on this reaffirmed debt.   I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court.   However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make payments here:

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Debtors: Signature:

_____      4-26-2011
                                     DATE
John J. Magre, Debtor